UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV2420 CDP |
| | ) |
| PFIZER LABS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Pfizer's motion to dismiss plaintiff's complaint for frivolity and failure to state a claim. Plaintiff has failed to respond to the motion, and his time for doing so has expired. Because plaintiff appears before the Court in forma pauperis, I have a duty to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v.

Hernandez, 504 U.S. 25, 32-33 (1992).

An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton, 504 U.S. at 32.

Plaintiff's pro se complaint alleges that he developed osteoporosis while taking the prescription allergy drug cetirizine, which is manufactured by Pfizer and sold under the brand name Zyrtec. Plaintiff claims that he stopped taking the drug after researching osteoporosis at the library and can "now touch my toes without too much pain, as of now." Plaintiff seeks three to fifteen million dollars in monetary damages for his physical injuries.

Pfizer argues that plaintiff's complaint is frivolous because it fails to allege how Pfizer or Zyrtec caused plaintiff's alleged injuries. I agree. Plaintiff's assertion that he developed osteoporosis while he was taking cetirizine does not state a claim that would entitle him to relief against Pfizer. Moreover, plaintiff does

not suggest any basis for his belief that Zyrtec causes osteoporosis. Plaintiff's complaint will be dismissed because it is frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#8] is granted, and plaintiff's complaint will be dismissed because it is frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2006.